UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| RICHARD M. TEXTOR and M. JEANNE TEXTOR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:07-cv-44 |
| CURTIS WILLIAMSON, *et al.*, | ) ) | Judge Mattice |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Coffee County Realty and Auction, LLC's and Freda Jones's Motion to Dismiss [Court Doc. 24] and Defendant Curtis Williamson's Motion to Dismiss [Court Doc. 26] pursuant to Federal Rule of Civil Procedure 12(b)(6). As Defendant Williamson's motion merely incorporates the other Defendants' arguments, the Court will address both motions simultaneously.

**I.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "[A] plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. FACTS

As their only federal causes of action, Plaintiffs bring two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Specifically, Plaintiffs allege that Defendants are liable under § 1964(c), which attaches civil liability to criminal RICO violations, for violations of § 1962(c) (prohibiting racketeering activity) and § 1962(d) (prohibiting a conspiracy to violate, *inter alia*, § 1962(c)).

Specifically, Plaintiffs allege that Defendants violated several criminal laws in constructing and brokering a parcel of improved real property purchased by Plaintiffs. (Court Doc. 1-3, Compl. ¶ 7.) Plaintiffs allege that Defendants violated 8 U.S.C. §§ 274 and 1324 (employing illegal immigrant labor), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1956 (money laundering), and 18 U.S.C. § 2314 (transportation of stolen property). (*Id.* ¶¶ 13, 15, 21, 25-26,.) According to Plaintiffs' allegations of fraud, Defendants worked together to conceal defects in the site preparation, construction, and zoning of the real property and improvements at issue.

(*Id.* ¶ 10.) Plaintiffs also allege that Defendant Williamson employed illegal immigrants in constructing the improvements to the real property (*Id.* ¶¶ 15-16). Finally, Plaintiffs aver that Defendants "transported in interstate commerce property which was not the property of the Defendants and which was, in fact, the property of the Plaintiffs." (*Id.* ¶ 26.) Plaintiffs fail to support the remaining alleged criminal violations listed above with any factual allegations.

## III. ANALYSIS

### A. RICO § 1962(c) Claims

Section 1962(c) provides that

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To establish a cause of action under this section, a plaintiff must adequately plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). As Defendants argue that Plaintiffs have failed to sufficiently plead several of these elements, the Court will address each element in turn.

#### 1. *Conduct*

To establish a prima facie RICO violation, a plaintiff must first allege that defendants engaged in certain criminal conduct described in 18 U.S.C. § 1961(1), which is otherwise termed a predicate act. Although Plaintiffs' Complaint lists several predicate acts, most of these allegations are bare and conclusory assertions of criminal

conduct, with no supporting factual allegations. As such, these allegations do not survive Defendants' Motion to Dismiss. *Cleveland Fire Fighters*, 502 F.3d at 548

Plaintiffs do, however, aver facts to support several allegations of fraud under 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), use of illegal immigrants in violation of 8 U.S.C. §§ 274(a)(s) and 1324(a)(3), and transportation of stolen property in violation of 18 U.S.C. § 2341 (Compl. ¶¶ 10, 15-16, 19, 21-26). The Court will address each of these claims.

### a. Fraud

As Defendants correctly argue, Plaintiffs' allegations of fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). To comply with this requirement, Plaintiffs, at a minimum, must

> allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Essentially, the amended complaint should provide fair notice to Defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud.

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted). In other words, " 'Rule 9(b) requires that the plaintiff specify the who, what, when, where, and how' of the alleged fraud.' " *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (internal quotations omitted)).

Plaintiffs argue that, despite this clear language, "if the pleadings place defendant on notice of the precise misconduct or fraudulent acts claimed, as an alterative to pleading the time, date and places of the wire and fraud violations, Rule

9(b) is satisfied." *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 656 F. Supp. 49, 76 (S.D. Ohio 1986). Plaintiffs' argument fails for two reasons. First, Plaintiffs' pleadings fail to put Defendants "on notice of the precise misconduct or fraudulent acts claimed," *id.*, as they fail to allege which Defendant committed which fraudulent act. *Hoover v. Langston Equip. Assocs.*, 958 F. 2d 742, 745 (6th Cir. 1992) ("The complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged.") Second, the United States Court of Appeals for the Sixth Circuit clearly requires an allegation of fraud to include the time, place, and specific defendants responsible. *See Sanderson*, 447 F.3d at 877; *Cmty. Health Sys., Inc.*, 342 F.3d at 643; Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993) ("The Sixth Circuit reads rule 9(b)'s requirement 'liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.' "). While the Sixth Circuit "has stated that we liberally interpret Rule 9(b) against Rule 8(a)'s backdrop admonition of simplicity in pleading, this precedent does *not* hold that Rule 8(a) *nullifies* Rule 9(b). *Id.* at 324 n.5 (internal quotation and citation omitted).

The Court finds that Plaintiffs allegations of fraud are not sufficiently specific to put Defendants on notice of the precise acts alleged, and therefore fail to meet the Rule

9(b) pleading standards.[1]  Accordingly, the Court will **GRANT** Defendants' Motions to Dismiss as to Plaintiffs' RICO § 1962(c) claims based on fraud.

      b.    <u>Other Conduct</u>

The remainder of Plaintiffs' allegations regarding Defendants' predicate acts, specifically use of illegal immigrants in violation of 8 U.S.C. §§ 274(a)(s) and 1324(a)(3), and transportation of stolen property in violation of 18 U.S.C. § 2341, do not sound in fraud and are therefore governed by the less stringent notice-pleading requirements of Federal Rule of Civil Procedure 8.  While Plaintiffs' Complain provides scant factual details as to these allegations, the Court is not prepared to rule that Plaintiffs' pleadings fall below the standard of Rule 8.

      2.    *Enterprise*

To survive Defendants' Motion to Dismiss, Plaintiffs must also sufficiently plead the existence of an enterprise under RICO.  The Supreme Court has defined an

---

[1]   In passing, Plaintiffs move to amend their Complaint in the event that the Court finds the Complaint deficient under Rule 9(b).  Plaintiffs have submitted neither a separate motion to amend nor a proposed amended complaint.  As the Sixth Circuit has recently explained,

> a bare request in an application to a motion to dismiss-without any indication of the particular grounds on which amendment is sought, *cf.* Federal Rule of Civil Procedure 7(b)-does not constitute a motion within the contemplation of Rule 15(a).  This Court's disfavor of such a bare request in lieu of a properly filed motion for leave to amend [is clear.]  What plaintiffs may have stated, almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is also not a motion to amend. . . .
>
> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint . . . .  Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6).  *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc. v. Chandler*, 91 Fed. App'x 418, 444 (6th Cir. 2004) (internal citations and quotations omitted).  Accordingly, the Court will disregard Plaintiffs' improperly made request to amend their Complaint.

"enterprise" under the Act as a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981).

> In order to establish the existence of an "enterprise" under subsection (c), the [plaintiff must plead]: 1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; 2) that the members of the enterprise functioned as a continuing unit with established duties; and 3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged.

*United States v. Chance*, 306 F.3d 356, 371-72 (6th Cir. 2002) (citing *Frank v. D'Ambrosi,* 4 F.3d 1378, 1386 (6th Cir. 1993)). Plaintiffs fail to plead these elements of an enterprise. "Generally, a plaintiff must submit evidence of some sort of 'chain of command' or other evidence of a hierarchy, even a highly limited one." *Walker v. Jackson Pub. Schs.*, 42 Fed. App'x 735, 737, (6th Cir. 2002) (citing *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 700 (6th Cir. 2000)). As Plaintiffs failed to include in their pleadings any allegations establishing a chain of command or hierarchy among Defendants, they have failed to allege an enterprise for purposes of their RICO § 1962(c) claims. Accordingly, the Court will **GRANT** Defendants' Motions to Dismiss as to the remainder of Plaintiffs' RICO § 1962(c) claims.

### B.     RICO § 1962(d) Claims

Section 1962(d) prohibits conspiracies to violate, *inter alia*, § 1962(c). It is axiomatic that Plaintiffs' conspiracy claim cannot stand without establishing a violation of § 1962(c). *See* § 1962(d); *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("A civil conspiracy is an agreement between two or more persons to injure another by unlawful action."). Accordingly, the Court will **GRANT** Defendants' Motions to Dismiss as to Plaintiffs' claims under § 1962(d).

### C. State Law Claims

As none of Plaintiffs' federal claims remains, the Court will **DECLINE** to exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(c)(3)

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants Coffee County Realty and Auction, LLC's and Freda Jones's Motion to Dismiss [Court Doc. 24] and Defendant Curtis Williamson's Motion to Dismiss [Court Doc. 26]. Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, are **DISMISSED WITH PREJUDICE**. Plaintiffs' state-law claims are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 4th day of August, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE